# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KELVIN J. ROBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-033 |
| | ) | |
| ROLAND CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Proceeding *pro se*, Kelvin J. Robbins brings this breach of warranty action against Roland Corporation. Doc. 1. He also moves to proceed *in forma pauperis* ("IFP"). Doc. 2. He attests that he has no job, income, or savings and that he is wholly dependent upon his mother. *Id.* at 1-2. Accordingly, the Court **GRANTS** him leave to proceed IFP. Robbins's complaint, however, should be dismissed.

IFP is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or

(4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to *sua sponte* dismiss in IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Robbins, a Georgia resident, fails to show that this Court has diversity jurisdiction to reach his claim. His complaint makes it clear that he is suing an out-of-state defendant on breach of a sound equipment warranty. He bought from defendant "a Roland VS2480 [sound] Mixer and it wind out on me[.] I paid [$]5000 for it and I called the corporation [and it failed to fix it properly; plus plaintiff lost at least one song that's] "worth $$$. . . ." Doc. 1 at 4-5.

Because plaintiff presents no federal question, he by definition invokes this Court's diversity jurisdiction. *See* U.S. Const. Art. III, § 2 (authorizes federal jurisdiction in all controversies where the parties are "citizens of different states"); *Snyder v. Harris*, 394 U.S. 332, 334 (1969) (Congress has limited that grant of jurisdiction by also requiring that

cases satisfy a minimum amount-in-controversy requirement); 28 U.S.C. § 1332 (it set it at $75,000, exclusive of interest and costs."); 14AA WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 3701 (2011). Applying judicial experience and common sense, *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064-65 (11th Cir. 2010), it is apparent that Robbins fails to plead the $75,000.01 threshold amount needed to support diversity jurisdiction. *See, e.g., Freeland v. Liberty Mut. Fire Ins. Co.*, \_\_ F.3d \_\_, 2011 WL 338039 at * 5 (6th Cir. Feb. 4, 2011) (amount in controversy was exactly $75,000, so federal court lacked jurisdiction by measure of one penny).

Accordingly, his case should be **DISMISSED WITHOUT PREJUDICE.** As an additional matter, this is the fifth IFP case that Robbins has filed in this Court since September 9, 2010. *See Robbins v. Chatham County Courthouse Security*, No. CV411-052 (S.D. Ga. filed Mar. 4, 2011); *Robbins v. City of Savannah*, CV411-034 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. Social Security*, No. CV411-035 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. Def Jam Records*, No. CV410-208 (S.D. Ga. filed Sept. 9, 2010). The undersigned has now recommended that this

case and three others, CV411-033, CV411-034 and CV411-052, be dismissed as frivolous.

Non-indigent litigants must necessarily pause and consider the $355 cost of each lawsuit that they file. Robbins obviously feels no such financial pain while filing lawsuit after lawsuit over whatever happens to be bothering him on a given day. He is therefore warned that if he continues to flood this Court with baseless lawsuits he may lose his privilege of proceeding IFP. *See Wilkerson v. Statesboro Police Dep't*, 2009 WL 4609603 at *2 (S.D. Ga. Dec. 2, 2009) (requiring litigant to post a pre-suit, $100 frivolity bond to be forfeited if case is found frivolous). And if he persists beyond that point, then even more severe sanctions may be contemplated, including a fine and imprisonment for contempt of court. *See* 18 U.S.C. §§ 401 & 402.

**SO REPORTED AND RECOMMENDED** this __16th__ day of March, 2011.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**